# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**DONNIS ALFORD, et al.,** :
:
    Plaintiffs, :
:
v. : Civil Action No. 7:05-cv-78 (HL)
:
**CORDELE FOODS, INC., et al.,** :
:
    Defendants. :
_____

## ORDER ON DEFENDANT'S MOTION
## FOR MORE DEFINITE STATEMENT

Before this Court is Defendants' Motion for More Definite Statement. (Doc. # 5.) For the reasons set forth below, Defendants' Motion is denied.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed suit in this Court on July 14, 2005, seeking damages for alleged discriminatory conduct committed by Defendants. Count One of Plaintiffs' Complaint alleged Defendants had intentionally discriminated against Plaintiffs because of their race and/or color in violation of 42 U.S.C. § 1981. (Compl. ¶¶ 12-20.) Count Two of Plaintiffs' Complaint alleged Defendants "intentionally discriminated against Plaintiffs because of their race and/or color in violation of the constitution and laws of the State of Georgia." ( Compl. ¶ 21.) On August 4, 2005, Defendants filed an Answer to Plaintiffs' Complaint as well as a Motion for More Definite Statement, pursuant to Federal Rule of Civil Procedure 12(e). (Doc. #'s 4, 5.)

In the latter, Defendants asserted that Plaintiffs had failed to provide adequate notice to Defendants regarding the legal grounds for Count Two.  Plaintiffs' Response to Defendants' Motion for More Definite Statement was due August 29, 2005.  Plaintiffs have failed to file any such Response.

## II.   ANALYSIS

### A.   Federal Rule of Civil Procedure 12(e)

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  Interpreting this Rule, the Eleventh Circuit has noted that

> While the requirements of pleading under the Federal Rules are liberal, and a litigant need not allege a specific fact to cover every element or allege with precision each element of a claim, a pleader must at least provide his opponent with fair notice of what his claim is and the grounds upon which it rests.

Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005) (citations and quotations omitted).

In order for a defendant to properly challenge a deficient complaint under Federal Rule of Civil Procedure 12(e), he "may move for a more definite statement *before* interposing a responsive pleading."  Fed. R. Civ. P. 12(e) (emphasis added).  However, it is clearly within a trial court's discretion to demand a more definite statement on its own initiative.  See Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 907 n. 13 (11th Cir. 1996) ("The court clearly had the discretion to strike, on its own initiative, the [plaintiff's] complaint, and to require the

[plaintiff] to file a more definite statement."); see also Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001).

### B. Plaintiffs' Count Two

Defendants filed their Motion for More Definite Statement simultaneously with their Answer, rather than before it as is required by Federal Rule of Civil Procedure 12(e). Therefore, Defendants' Motion is procedurally deficient and will be denied. Nevertheless, the Court finds that Count Two of Plaintiffs' Complaint fails to give Defendants "fair notice" of the state grounds on which Plaintiffs are basing their allegations of private discrimination. Simply alleging, as Plaintiffs have, that Defendants have violated some law somewhere in the Constitution or Official Code of Georgia is clearly an insufficient pleading, even given the liberal pleading requirements of the federal rules. Defendants are currently without fair notice of the legal grounds upon which they are being sued in Count Two. This vague pleading poses the risk of unnecessary discovery and future pleadings and a resulting waste of both litigants' and the Court's resources. Therefore, the Court chooses to exercise its discretion to require Plaintiffs to submit a more definite statement.

### III. CONCLUSION

Defendants' Motion for More Definite Statement (Doc. # 5) is denied. Plaintiffs shall file an amended complaint with a more definite statement as to Count Two, resolving any vagueness and setting forth its causes of action in all respects, not later than ten (10) days of the entry of this order. Defendant shall plead in response to the amended complaint within ten (10)

days after service of the amended complaint.

SO ORDERED, this the 3rd day of October, 2005.

**s/   Hugh Lawson**
**HUGH LAWSON, JUDGE**

pdl