# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **DONNIS ALFORD, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 7:05-cv-78 (HL) |
| **CORDELE FOODS, INC., et al.,** | : | |
| Defendants. | : | |

# ORDER

Before the Court are two Motions filed by Defendants—a Motion to Supplement the Record (Doc. 75) and a Motion to File Sur-reply Brief and/or Motion to Strike Affidavits (Doc. 93). For the reasons set forth below, the former Motion is granted, and the latter Motion is granted in part.

Both parties in this case wish the Court to consider evidence that was not filed in a timely fashion when it rules on Defendants' pending Motion for Summary Judgment (Doc. 36). Defendants have filed a Motion to Supplement the Record, asking that the Court accept a substitute DVD recording in the place of the original DVD attached as an exhibit to their Motion for Summary Judgment. Plaintiffs have not filed any Motion to Supplement the Record, but instead have submitted multiple affidavits, fourteen to date (Docs. 88-90, 91-92, 94-98, 100-103), that they presumably wish the Court to consider as evidence in support of their opposition to Defendants' pending Motion for Summary Judgment.

The Local Rules of this Court provide that "[b]riefing of any motion or issue concludes when the movant files a reply brief." Local Rule 7.3.1(a). Any party desiring to be heard further on an issue must obtain permission from the Court before filing additional documents. Local Rule 7.3.1.(c). Defendants properly filed a Motion to Supplement the record, explaining that the original DVD they had previously submitted to the Court with their Motion for Summary Judgment was missing the first two seconds of recorded footage from the original tape.[1] Defendants argue that because these first two seconds are crucial to the proper adjudication of this matter, the replacement DVD should be considered by the Court. Plaintiffs filed no response to Defendants' Motion, nor have they indicated to the Court that they oppose it. Although not a brief, the Court is of the opinion that the DVD is encompassed by Local Rule 7.3.1.(c). Given the reasonableness of Defendants' request, and Plaintiffs' lack of opposition to it, the Court will allow the supplementation. Defendants' Motion to Supplement the Record is granted.

By contrast to Defendants' Motion to Supplement the Record, Plaintiffs have simply been filing untimely affidavits without obtaining the Court's permission to do so or even asking for it. In further contrast, Plaintiffs are not seeking to correct a clerical error and merely add two seconds to a previously, properly submitted piece of evidence. Defendants

---

[1] At the heart of this case is a dispute about whether Defendants refused to serve Plaintiffs food at a restaurant due to racial bias. Part of the relevant evidence is a video recording made by Plaintiffs during the events in question. According to Defendants, the recording was provided to them in VHS format, and they converted it to DVD format. Apparently this initial conversion process inadvertently deleted the first two seconds of the recording. The mistake was subsequently discovered and corrected by Defendants.

have so far filed fourteen affidavits in an untimely fashion, and it is unclear whether additional affidavits may be forthcoming.[2] Defendants understandably oppose these additions, requesting that the Court either strike them or allow Defendants the opportunity to file a sur-reply addressing them. Plaintiffs' Objection to Defendants' Motion to File Sur-reply Brief and/or Motion to Strike Affidavits in large part fails to address the untimely nature of these affidavits. Instead, Plaintiffs focus on the substantive question of whether the various Plaintiffs' affidavits are contrary to their corresponding depositions. The only point at which Plaintiffs address the untimeliness of the affidavits is when they mention "[a]dditionally, as there are approximately forty-nine (49) Plaintiffs in this action, Plaintiffs have forwarded their Affidavits as they have become available." (Doc. 99 at ¶ 6.)

Although not technically briefs, the Court is of the opinion that Plaintiffs' affidavits are encompassed by Local Rule 7.3.1.(c). Given (1) Plaintiffs' failure to request the Court's permission to file these documents, (2) the unreasonably large nature of the attempted expansion of the evidence in this case after the time frame to submit evidence has closed, and (3) Defendants' opposition to the filing, the Court will not allow the supplementation. To the extent that Defendants' Motion to File Sur-reply Brief and/or Motion to Strike Affidavits moves to strike the affidavits in question, it is granted. The portion of Defendants' Motion to File Sur-reply Brief and/or Motion to Strike Affidavits that seeks leave to file a sur-reply

---

[2] There are forty-nine plaintiffs in this action, but Plaintiffs have only submitted fourteen affidavits to date. It is unclear whether Plaintiffs expect to continue filing the remaining thirty-five affidavits as they see fit.

is accordingly dismissed as moot.

Defendants' Motion to Supplement the Record (Doc. 75) is granted. The Court will consider the resubmitted DVD recording when it addresses Defendants' pending Motion for Summary Judgment. Defendants' Motion to File Sur-reply Brief and/or Motion to Strike Affidavits (Doc. 93) is granted in part and dismissed as moot in part. No affidavits submitted by Plaintiffs after the conclusion of briefing on Defendants' Motion for Summary Judgment, which occurred on March 23, 2007, shall be considered by the Court when ruling on that Motion. This ruling encompasses not only those fourteen affidavits that have already been filed by Plaintiffs but also any affidavits Plaintiffs may submit in the future.

**SO ORDERED**, this the 24th day of May, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl